UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
MIRTILL LEWIS and ELVIRA LEWIS,

                             Plaintiffs,

    -against-

SHAWMUT WOODWORKING & SUPPLY, INC.,
LENDLEASE (US) CONSTRUCTION LMB INC. and
THE NEW YORK AND PRESBYTERIAN HOSPITAL,

                            Defendants.
------------------------------------------------

CASE NO.
18-cv-08662-JFK

**AMENDED
COMPLAINT AND
JURY DEMAND**

Plaintiffs, by and through attorneys, RONAI & RONAI, L.L.P., as and for plaintiffs' Amended Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1. This is an action for personal injuries, pain and suffering sustained by plaintiffs as a result of the negligence of defendants on September 17, 2018, in the County of New York, State of New York.

## II. JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2).

3. The amount in controversy herein exceeds $75,000.00, exclusive of costs.

4. Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

### III. THE PARTIES

5. At all times herein mentioned, plaintiff MIRTILL LEWIS was and still is a citizen and resident of Hungary.

6. At all times herein mentioned, plaintiff ELVIRA LEWIS was and still is a citizen and resident of Hungary.

7. The defendant SHAWMUT WOODWORKING & SUPPLY, INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Massachusetts, licensed to do business in New York, with its principal place of business situated in the County of Suffolk and the State of Massachusetts.

8. The defendant LENDLEASE (US) CONSTRUCTION LMB INC., at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

9. The defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

### IV. FACTUAL ALLEGATIONS

10. On September 17, 2018, plaintiff MIRTILL LEWIS was performing certain construction work at the premises located at NewYork-Presbyterian/Columbia University Medical Center, 622 West 168th Street, New York, NY. [Block: 2138, Lot: 40] [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York

State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

11. On September 17, 2018, plaintiff MIRTILL LEWIS was employed by X-Cell Insulation Corporation.

12. At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

13. At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant SHAWMUT WOODWORKING & SUPPLY, INC.

14. At all times mentioned, the subject premises was operated, controlled, maintained, managed and/or supervised by defendant LENDLEASE (US) CONSTRUCTION LMB INC.

15. That at some point prior to September 17, 2018, defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, entered into an agreement with defendant SHAWMUT WOODWORKING & SUPPLY, INC., wherein and whereby it was agreed, among other things, that defendant SHAWMUT WOODWORKING & SUPPLY, INC. would perform construction work and provide labor services at the subject premises.

16. That on September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC. was the general contractor working at the subject premises for defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

17. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

18. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

19. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

20. That at some point prior to September 17, 2018, defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, entered into an agreement with defendant LENDLEASE (US) CONSTRUCTION LMB INC., wherein and whereby it was agreed, among other things, that defendant LENDLEASE (US) CONSTRUCTION LMB INC. would perform construction work and provide labor services at the subject premises.

21. That on September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC. was the general contractor working at the subject premises for defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

22. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

23. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

24. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

25. That at some point prior to September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC. entered into an agreement with X-Cell Insulation Corporation, wherein and whereby it was agreed, among other things, that X-Cell Insulation Corporation would perform construction work and provide labor services at the subject premises.

26. That on September 17, 2018, X-Cell Insulation Corporation was the subcontractor working at the subject premises for defendant SHAWMUT WOODWORKING & SUPPLY, INC.

27. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

28. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

29. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

30. That at some point prior to September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC. entered into an agreement with X-Cell Insulation Corporation, wherein and whereby it was agreed, among other things, that X-Cell Insulation Corporation would perform construction work and provide labor services at the subject premises.

31. That on September 17, 2018, X-Cell Insulation Corporation was the subcontractor working at the subject premises for defendant LENDLEASE (US) CONSTRUCTION LMB INC.

32. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

33. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

34. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

35. That at some point prior to September 17, 2018, defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, entered into an agreement with X-Cell Insulation Corporation, wherein and whereby it was agreed, among other things, that X-Cell Insulation Corporation would perform construction work and provide labor services at the subject premises.

36. That on September 17, 2018, X-Cell Insulation Corporation was a contractor working at the subject premises for defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

37. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

38. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

39. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

40. That at some point prior to September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC. entered into an agreement with defendant SHAWMUT WOODWORKING & SUPPLY, INC., wherein and whereby it was agreed, among other things, that defendant SHAWMUT WOODWORKING & SUPPLY, INC. would perform construction work and provide labor services at the subject premises.

41. That on September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC. was the subcontractor working at the subject premises for defendant LENDLEASE (US) CONSTRUCTION LMB INC.

42. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

43. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

44. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

45. That at some point prior to September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC. entered into an agreement with defendant LENDLEASE (US) CONSTRUCTION LMB INC., wherein and whereby it was agreed, among other things, that defendant LENDLEASE (US) CONSTRUCTION LMB INC. would perform construction work and provide labor services at the subject premises.

46. That on September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC. was the subcontractor working at the subject premises for defendant SHAWMUT WOODWORKING & SUPPLY, INC.

47. Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

48. Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

49. That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

50. That thereafter, and on or about September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

51. That thereafter, and on or about September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained,

managed and/or supervised by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

52. That thereafter, and on or about September 17, 2018, X-Cell Insulation Corporation was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant SHAWMUT WOODWORKING & SUPPLY, INC.

53. That thereafter, and on or about September 17, 2018, X-Cell Insulation Corporation was actually engaged in performing construction work and labor services at the subject premises which was operated, controlled, maintained, managed and/or supervised by defendant LENDLEASE (US) CONSTRUCTION LMB INC.

54. That thereafter, and on or about September 17, 2018, X-Cell Insulation Corporation was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL.

55. That at all times herein mentioned, and or about September 17, 2018, plaintiff MIRTILL LEWIS was actually engaged in the course of employment as a construction laborer by X-Cell Insulation Corporation, which said contractor was engaged by defendant SHAWMUT WOODWORKING & SUPPLY, INC. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant SHAWMUT WOODWORKING & SUPPLY, INC., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

56. That at all times herein mentioned, and or about September 17, 2018, plaintiff MIRTILL LEWIS was actually engaged in the course of employment as a construction laborer by X-Cell Insulation Corporation, which said contractor was engaged by defendant LENDLEASE (US) CONSTRUCTION LMB INC. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant LENDLEASE (US) CONSTRUCTION LMB INC., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

57. That at all times herein mentioned, and or about September 17, 2018, plaintiff MIRTILL LEWIS was actually engaged in the course of employment as a construction laborer by X-Cell Insulation Corporation, which said contractor was engaged by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

58. That on or about September 17, 2018, and while plaintiff MIRTILL LEWIS was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer X-Cell Insulation Corporation, plaintiff was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

59. That at all times herein mentioned, and on or about September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by X-Cell Insulation Corporation, plaintiff's employer.

60. That at all times herein mentioned, and on or about September 17, 2018, defendant SHAWMUT WOODWORKING & SUPPLY, INC., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by X-Cell Insulation Corporation, plaintiff's employer.

61. That at all times herein mentioned, and on or about September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by X-Cell Insulation Corporation, plaintiff's employer.

62. That at all times herein mentioned, and on or about September 17, 2018, defendant LENDLEASE (US) CONSTRUCTION LMB INC., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by X-Cell Insulation Corporation, plaintiff's employer.

63. That at all times herein mentioned, and on or about September 17, 2018, defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by X-Cell Insulation Corporation, plaintiff's employer.

64. That at all times herein mentioned, and on or about September 17, 2018, defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, its agents, servants and/or employees

breached their duty of general supervision, direction and control of the work being performed at the subject premises by X-Cell Insulation Corporation, plaintiff's employer.

65. Defendant SHAWMUT WOODWORKING & SUPPLY, INC. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MIRTILL LEWIS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

66. Defendant SHAWMUT WOODWORKING & SUPPLY, INC. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

67. Defendant SHAWMUT WOODWORKING & SUPPLY, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

68. Defendant SHAWMUT WOODWORKING & SUPPLY, INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

69. Defendant SHAWMUT WOODWORKING & SUPPLY, INC. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

70. Defendant SHAWMUT WOODWORKING & SUPPLY, INC. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

71. Defendant LENDLEASE (US) CONSTRUCTION LMB INC. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MIRTILL LEWIS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

72. Defendant LENDLEASE (US) CONSTRUCTION LMB INC. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

73. Defendant LENDLEASE (US) CONSTRUCTION LMB INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

74. Defendant LENDLEASE (US) CONSTRUCTION LMB INC. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

75. Defendant LENDLEASE (US) CONSTRUCTION LMB INC. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

76. Defendant LENDLEASE (US) CONSTRUCTION LMB INC. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

77. Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide and make available to plaintiff MIRTILL LEWIS, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

78. Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

79. Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

80. Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

81. Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which plaintiff was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

82. Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

83. That on or about September 17, 2018, while working at the subject premises, plaintiff MIRTILL LEWIS was caused to fall from an elevated height.

84. By reason of the foregoing, plaintiff MIRTILL LEWIS was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and plaintiff will permanently cause to suffer pain, inconvenience and other effects of such injuries plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff MIRTILL LEWIS will be unable to pursue plaintiff's usual duties with the same degree of efficiency as prior this accident, all to plaintiff's great damage.

## V. FIRST CAUSE OF ACTION

85. The allegations of the preceding paragraphs are repeated here as if fully stated.

86. Plaintiff MIRTILL LEWIS was injured due to defendants' negligence, carelessness and recklessness as stated herein.

87. Plaintiff MIRTILL LEWIS has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VI. SECOND CAUSE OF ACTION

88. The allegations of the preceding paragraphs are repeated here as if fully stated.

89. On September 17, 2018, plaintiff MIRTILL LEWIS was a worker/laborer within the contemplation of Labor Law Sections 200 et. seq., and is a person for whom the statutory rights and protections of those sections apply.

90. The work contracted for by the defendant SHAWMUT WOODWORKING & SUPPLY, INC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

91. The work contracted for by the defendant LENDLEASE (US) CONSTRUCTION LMB INC. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

92. The work contracted for by the defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

93. Plaintiff MIRTILL LEWIS was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

94. Plaintiff MIRTILL LEWIS was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

95. Plaintiff MIRTILL LEWIS has thereby been damaged in the amount of SIX MILLION ($6,000,000.00) Dollars.

## VII. THIRD CAUSE OF ACTION

96. Plaintiff ELVIRA LEWIS repeats and realleges each and every allegation contained in paragraphs numbered "1" through "95" of the Complaint as if fully set forth at length herein.

97. On September 17, 2018, the plaintiff ELVIRA LEWIS, was the legal spouse of plaintiff MIRTILL LEWIS.

98. As the spouse of plaintiff MIRTILL LEWIS, plaintiff ELVIRA LEWIS, was entitled to the love society, companionship, consortium, services and financial support of her spouse, plaintiff MIRTILL LEWIS.

99. By reason of the negligence of the defendant SHAWMUT WOODWORKING & SUPPLY, INC., plaintiff ELVIRA LEWIS, has been forever deprived of the love, society, companionship, consortium, service and financial support of her spouse, the plaintiff MIRTILL LEWIS at the level she had come to have, expect and rely upon.

100. By reason of the negligence of the defendant LENDLEASE (US) CONSTRUCTION LMB INC., plaintiff ELVIRA LEWIS, has been forever deprived of the love, society, companionship, consortium, service and financial support of her spouse, the plaintiff MIRTILL LEWIS at the level she had come to have, expect and rely upon.

101. By reason of the negligence of the defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, plaintiff ELVIRA LEWIS, has been forever deprived of the love, society, companionship, consortium, service and financial support of her spouse, the plaintiff MIRTILL LEWIS at the level she had come to have, expect and rely upon.

102. Plaintiff ELVIRA LEWIS has thereby been damaged in the amount of ONE MILLION ($1,000,000.00) Dollars.

## VIII. DEMAND FOR TRIAL

103. Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of SIX MILLION ($6,000,000.00) DOLLARS, for the second cause of action in the amount of SIX MILLION ($6,000,000.00) DOLLARS, and for the third cause of action in the amount of ONE MILLION ($1,000,000.00) DOLLARS and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      December 5, 2018

By: Holly Ostrov Ronai (HO-3923)
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                CASE NO. 18-cv-08662-JFK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MIRTILL LEWIS,
                              Plaintiffs,


        -against-

SHAWMUT WOODWORKING & SUPPLY, INC., LENDLEASE (US) CONSTRUCTION
LMB INC. and THE NEW YORK AND PRESBYTERIAN HOSPITAL,
                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


## AMENDED COMPLAINT AND JURY DEMAND


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -




**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777