```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIRTILL LEWIS and ELVIRA LEWIS,                                   :
                                                                  :
                        Plaintiffs,                               :
                                                                  :
            -v-                                                   :   18-cv-8662 (LJL)
                                                                  :
LENDLEASE (US) CONSTRUCTION LMB INC., and                         :   OPINION AND ORDER
THE NEW YORK AND PRESBYTERIAN HOSPITAL,                           :
                                                                  :
                        Defendants.                               :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Mirtill Lewis and Elvira Lewis (collectively, "Plaintiffs") move for reconsideration of the Court's Opinion and Order dated December 2, 2021 (the "Opinion and Order"), Dkt. No. 192, to the extent that it denied Plaintiffs' motion for summary judgment on Plaintiffs' claim that Defendants violated New York Labor Law ("NYLL") § 240(1) and to the extent it granted Defendants' motion for summary judgment on Plaintiffs' claim that Defendants violated NYLL § 241(6) by violating Industrial Code § 23-1.21(b)(4)(ii). Dkt. No. 193. The motion for reconsideration is denied.

## BACKGROUND

Familiarity with the Opinion and Order is assumed. Plaintiff Mirtill Lewis was injured when he fell from a ladder at a construction site owned by Defendant New York and Presbyterian Hospital ("NYP") and managed by Defendant Lendlease (US) Construction Lmb Inc. ("Lendlease"). At the time, he was working for a subcontractor, Defendant X-Cell Insulation Corporation ("X-Cell" and together with Lendlease and NYP, "Defendants"). Plaintiffs claim that evidence that the ladder shook before he fell demonstrates that it was

inadequately secured and provides prima facie evidence that Defendants failed to provide a proper device and further argue that his testimony establishes that he fell as a result of the ladder shaking. Plaintiffs also allege that the ladder did not contain rubber footings in violation of that portion of the New York Industrial Code that requires that "[a]ll ladder footings shall be firm." N.Y. Industrial Code § 23-1-21(b)(4)(ii).

In the Opinion and Order, the Court denied the respective motions of each side for summary judgment on the NYLL § 240(1) claim. The Court held that the evidence, in each case construed favorably to the non-moving party, established genuine issues of fact both as to whether the ladder moved and whether any movement of the ladder was the cause of Mirtill Lewis's fall. Dkt. No. 192 at 12. Although Mirtill Lewis testified in deposition that before he lost his balance and fell, the ladder "started moving" and was "shaking," there was no other evidence supporting that claim, and there was also evidence that Mr. Lewis fell because he lost his balance without the ladder moving. *Id.* That evidence took the form of Mr. Lewis's own statements in the immediate aftermath of the fall (and well before his deposition testimony) where he stated that he fell because he lost his balance, without mentioning anything about the movement of the ladder. *Id.*

The Court also granted Defendants' motion for summary judgment with respect to Plaintiffs' Section 241(6) claim. To the extent that the claim asserted an underlying violation of Industrial Code § 23-1.21(b)(4)(ii), the only evidence that supported it was deposition testimony of Mr. Lewis that the ladder was made of aluminum and that it had "[s]ome sort of a metal footing." *Id.* at 17. Plaintiffs did not submit any photographs of the ladder, any results of an examination of the ladder, or any other testimony or expert report regarding the footing of the ladder. In addition, Mr. Lewis himself testified that he had no complaints about the ladder in the

week before he fell and that he never requested another ladder from anyone at the job site. *Id.* The Court concluded that "[a] ladder footing containing metal is not incompatible with the footing having grips that would have the ladder in place" and that Plaintiffs' contention that the ladder had no grips on the bottom was not supported by the record. *Id.* at 17–18.

## DISCUSSION

Plaintiffs argue that the Court erred in its Opinion and Order in two respects. First, they contend that the statements attributed to Mr. Lewis were consistent with his later testimony but just less, detailed and thus, in the absence of evidence that directly contradicts his deposition testimony or that otherwise raises an issue of fact, Plaintiffs are entitled to summary judgment under the decision of the Appellate Division, First Department in *Ping Lin v. 100 Wall St. Prop. L.L.C.*, 148 N.Y.S.3d 71, 73 (1st Dep't 2021) and other state cases. Dkt. No. 194 at 4–5. Second, Plaintiffs argue that because he did not testify that the footings had any rubber or some other similar gripping material on them and only testified that they were composed of some type of metal, and no other witness testified that the ladders had a rubber or similar gripping, the Court erred in granting summary judgment to Defendants on the § 241(6) claim. *Id.* at 7–10.[1] They argue that it was Defendants' burden to show that they had complied with the Industrial Code. *Id.* at 9.

Each of the three Defendants has filed a memorandum in opposition to the motion for reconsideration. Dkt. Nos. 199–201. Defendant Lendlease points out that, in addition to the contemporaneous statements of Mr. Lewis after the accident that omitted any mention of an issue

---

[1] In their memorandum in support of reconsideration, Plaintiffs argue that Mr. Lewis testified that the "footings were *fully* composed of some type of metal." Dkt. No. 194 at 8 (emphasis added). But that is a misstatement of the record. In his deposition, the relevant portion of which Plaintiffs excerpt, Mr. Lewis testified only that the ladder "had some sort of a metal footing." *Id.* at 7.

3

with the ladder and the absence of any evidence proffered by Plaintiffs that the ladder lacked a secure footing, the summary judgment record before the Court included the report of defense expert Stanley Kiska from his examination of photographs of the ladder that "site photographs confirm that this ladder's swiveling safety shoes and slip-resistance foot pads were still in place," Dkt. No. 201 at 10 (citing Dkt. No. 157-9 ¶ 4).  Third-party Defendant X-Cell notes that at deposition Mr. Lewis could not provide any details of how the ladder shook or what caused it to shake, Dkt. No. 200 at 11, and that a photograph of the ladder showed that it was not made solely of metal, *id.* at 14 (citing Dkt. No. 163-2).  Defendant NYP notes that Plaintiffs had ample opportunity to submit an affidavit or affirmation to support the assertion that the ladder was merely made of metal and did not provide a grip and that Plaintiffs had failed to do so.  Dkt. No. 199 at 5.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  It is not a "vehicle for relitigating old issues, presenting the

case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiffs do not identify any "intervening change of controlling law," any evidence or law that was put before the Court and that the Court overlooked, any "new evidence" that has become available, or that there is a "need to . . . prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104 (citation omitted). Plaintiffs' argument with respect to the § 240(1) claim rests on a series of New York state cases and on the proposition that his contemporaneous statements did not contradict his later deposition testimony. However, those arguments simply regurgitate his arguments before the Court on summary judgment. They add nothing new and identify nothing the Court overlooked. Plaintiffs extensively cited *Ping Lin v. 100 Wall St. Prop., L.L.C.* and the other state cases in their moving papers. 148 N.Y.S.3d at 73; *see also* Dkt. No. 169 at 14-15; Dkt. No. 161 at 11. The Court considered those cases. They did not support summary judgment both because (1) a federal court considering whether as a procedural matter an issue should be determined by a jury or whether instead there is no genuine issue of fact must apply federal law and not state law, *see La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020) (holding that federal courts must apply Federal Rule of Civil Procedure 56 in diversity cases in federal court), and (2) even if the court did apply state law rather than Federal Rule of Civil Procedure 56, there would be a triable issue as to whether Section 240(1) was violated. *See Ellerbe v. Port Auth. Of New York & New Jersey*, 936 N.Y.S.2d 39, 40 (1st Dept. 2012) (holding that plaintiff's contemporaneous statements to the safety manager that he fell because he lost his footing and that ladder was stable created a genuine issue of fact regarding plaintiff's deposition testimony that he fell because the ladder moved); *Buckley v. J.A. Jones/GMO*, 832 N.Y.S.2d 560,

562 (1st Dep't 2007) (holding that incident report that contradicted plaintiff's deposition testimony created a triable issue of fact). In his statements after the incident, Mr. Lewis did not just omit to state that the ladder shook; he affirmatively stated that at the time of the fall he was "reaching up to the top of the wall" and it was "[d]ue to the reaching she [sic] lost [his] balance and start to fall." Dkt. No. 157-6.[2] A jury could reasonably determine from Mr. Lewis's contemporaneous statements and from the other evidence submitted by Defendants that his later deposition testimony should not be credited and that he did not fall because of any movement of the ladder but because, after his hand hit a piece of black iron piping that was hanging from the ceiling, he lost his balance.

The Court also considered the deposition testimony Plaintiffs rely upon for reconsideration of the Section 241(6) claim. Indeed, it quoted that testimony verbatim in the same manner as Plaintiffs do in their motion for reconsideration. The evidence simply did not create a genuine issue of material fact. To defeat a motion for summary judgment, the non-moving party must demonstrate more than "some metaphysical doubt as to the material facts."

---

[2] Each of the cases upon which Plaintiffs rely is distinguishable. In *Ping Lin v. 100 Wall Street Prop., L.L.C.*, plaintiff testified that he fell after a ladder on which he was standing "shaked and moved" and offered evidence hat after he fell, his supervisor found him "lying on the floor with the collapsed ladder on plaintiff's left side." 148 N.Y.S.3d at 72. The court held that a "terse statement" that he gave to his supervisor was not inconsistent with the more detailed description of the accident at the time of his deposition. *Id.* at 73. Likewise, in *Rom v. Eurostruct, Inc.*, 71 N.Y.S.3d 57 (1st Dep't 2018), the court held that an "unsworn accident report" from a co-worker that Plaintiff lost his balance and fell did not contradict "plaintiff's consistent testimony that he fell because the ladder suddenly moved." *Id.* at 57. Finally, in *Hill v. City of New York*, 35 N.Y.S.3d 307 (1st Dep't 2016), while plaintiff did not mention in an affidavit in support of summary judgment that the ladder on which he was standing wobbled, he also did not offer a different reason for falling and he had made consistent earlier statements which were supported by videotape footage. In this case, by contrast, Mr. Lewis immediately ascribed the reason for his fall to his lost of balance and nothing else and only mentioned the movement of the ladder for the first time in his terse and general deposition testimony. In these circumstances, a jury could disbelieve the deposition testimony and believe that the ladder did not move and that he fell for other reasons.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In particular, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).  Nor may the non-moving party "rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).  In asking the Court to infer from Mr. Lewis's testimony that the footing was metal that it also lacked any form of grips, Plaintiffs were asking the Court to rely on speculation and conjecture and not on fact.

      Plaintiffs now argue that summary judgment was improvidently granted because it was Defendants, not Plaintiffs, who had the burden of showing that they complied with New York Labor Law.  Dkt. No. 194-9.  That has the burdens backwards.  It was Plaintiffs, the non-moving parties on the Section 241(6) claim, who would have the burden at trial of establishing each of the elements of their claims.  "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non-movant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Id.*  Thus, Defendants were not required to prove definitively that the ladder <u>had</u> firm footings.  They simply had to identify the absence of evidence that it lacked such footings.  At that point, it fell to Mr. Lewis—who had used the ladder—to offer evidence to support his claim.  He failed to do so and that is the reason the Court granted summary judgment.

## CONCLUSION

The motion for reconsideration is DENIED.

SO ORDERED.

Dated: February 4, 2022
      New York, New York

                                      LEWIS J. LIMAN
                                   United States District Judge